UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: | ) BK No.: 11-42072 |
| | ) |
| PITTSFIELD RESIDENTIAL II, LLC | ) Chapter: 11 |
| | ) |
| | ) Honorable John H. Squires |
| | ) |
| Debtor(s) | ) |
| | ) Adv. No.: 11-02131 |
| PITTSFIELD RESIDENTIAL II, LLC, | ) |
| | ) |
| Plaintiff(s) | ) |
| NATIONAL P & H SUPPLY COMPANY d/b/a | ) |
| NATIONAL PLUMBING & HEATING SUPPLY, | ) |
| | ) |
| Defendant(s) | ) |

## Proposed FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS OF THE BANKRUPTCY COURT WITH RESPECT TO ENTERING FINAL DEFAULT JUDGMENT

This matter having come on for hearing on the Motion for Default and Default Judgment ("Motion") of Pittsfield Residential II, LLC and due notice having been given, and National P & H Supply Company d/b/a National Plumbing & Heating Supply having failed to answer or otherwise plead after being served with Plaintiff's Complaint on September 7, 2011. The Motion was not contested after notice. Upon hearing and considering the arguments presented, I reach the following findings of fact, conclusions of law and submit the following recommendation for entry of a final default judgment as follows:

I. FINDINGS OF FACT

1. On August 29, 2011 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

2. On August 30, 2011, Debtor filed its complaint in the above captioned adversary proceeding against defendant National P & H Supply Company d/b/a National Plumbing & Heating Supply ("Defendant").

3. A summons was duly issued, and together with a copy of the Complaint, was served upon the Defendant via U.S. mail on September 7, 2011.

4. Both the main case along with this adversary proceeding were transferred from the Southern District of Florida to this district pursuant to a Second Amended Agreed Order Transferring Venue dated October 6, 2011 (the "Transfer Order").

5. Paragraph 5 of the Transfer Order provides that all deadlines in pending adversary proceedings are extended until 20 days after the proceedings are assigned adversary proceeding numbers in the Northern

District of Illinois.

6. The Transfer Order was served upon Defendant via U.S. mail on October 7, 2011.

7. The Notice of Transfer of Case Records in the main case and the above captioned adversary proceeding that was issued by the Clerk of the United States Bankruptcy Court for the Southern District of Florida was served upon Defendant via U.S. mail on October 17, 2011.

8. The above captioned adversary proceeding was assigned an adversary proceeding number in the Northern District of Illinois on October 18, 2011. The 20th day after October 18, 2011 is November 7, 2011.

9. On or about February 17, 2010, Defendant filed an Amended Mechanic's Lien (the "Lien"), consisting of three pages, assigned Document # 1004808245, recorded with the Cook County, Illinois Recorder of Deeds on February 17, 2010 at 1:48 p.m. against real property owned by the Debtor and located at 55 E. Washington St., Floors 9-12, Chicago, IL (the "Property"). See Exhibit "A" to Complaint.

10. At all times material herein, the Debtor was and has been the owner of the Property.

11. The Debtor acquired its interest in the Property via quitclaim deed dated October 27, 2009.

12. On the same date, the Debtor entered into a long term lease agreement (the "Lease") with 55 E. Washington Development II, LLC ("55E2").

13. The Lease contains, inter alia, the following provisions:

    a. Section 14.01 requires 55E2 to obtain the Debtor's prior written consent before commencing any renovations or improvements to the leased real property that would cost $250,000.00 or more;

    b. Section 14.02 requires 55E2 to submit plans to the Debtor and a contract for improvements prior to commencement of any construction.

    c. Section 17.01 provides that 55E2 shall not cause any mechanics or materialman's lien to be filed against the leased premises.

    d. Section 17.02 provides that in the event such liens are filed, they are to be effectively discharged or bonded off within twenty (20) days of notice of filing of same.

    e. Section 17.03 provides that nothing contained in the lease agreement shall be construed to constitute consent by the Debtor for any improvement, alteration or repair to the premises.

14. The underlying basis for the Lien filed against the Property is alleged to be a contract with Albergo Karambanis Mechanical Group, Inc. ("Albergo") to improve the Property.

15. At no time whatsoever did the Debtor enter into a contract with Albergo to act as a contractor for improvements the Property.

16. At no time whatsoever did the Debtor enter into a contract with 55E2 to act as a contractor for

improvements the Property.

17. At no time whatsoever did the Debtor enter into a construction contract with any party to improve the Property.

18. To the extent that Albergo represented itself to be a contractor for construction of improvements on the Property pursuant to a contract with the Debtor, said representation was false.

19. To the extent that 55E2 represented itself to be a contractor for construction of improvements on the Property, said representation was false.

20. To the extent that 55E2 represented itself to be an owner of the Property, said representation was false.

21. The Debtor was unaware of any work being done or materials provided by Defendant for construction of improvements on the Property.

22. Defendant states in its Lien that it substantially completed work on the Property on August 28, 2009.

23. While Defendant was required under 770 ILCS 60/24 to provide the Debtor/owner of the Property with written notice of its claim within 90 days of completion of its furnishing of labor and/or materials, Defendant failed to do so.

24. Neither Defendant, 55E2, nor any other party ever provided the Debtor/owner of the Property with a Notice to Owner as required under 770 ILCS 60/5.

25. Defendant failed to timely record its Lien within four months of its last work as so required under 770 ILCS 60/7.

26. Defendant has failed to answer or otherwise plead or otherwise appear in this proceeding.

27. Based on the failure to appear or answer, Defendant has admitted to each of the allegations contained in the Complaint.

II. CONCLUSIONS OF LAW

1. Defendant's Lien on the Property was not filed pursuant to a contract with the Debtor/owner, its agent, or party otherwise entitled to enter into such a contract.

2. Defendant failed to properly notify the Debtor/owner of the Property with written notice of its claim within the time required by 770 ILCS 60/24.

3. The Debtor/Owner was not provided with a Notice to Owner as required by 770 ILCS 60/5.

4. Defendant's Lien was not recorded within the time required by 770 ILCS 60/7.

5. Defendant's Lien on the Property fails to comply with the requirements set forth in Illinois Statutes.

6. Defendant's Lien on the Property is invalid, void, and unenforceable;

Accordingly, based upon the foregoing findings of fact and conclusions of law,

IT IS RECOMMENDED that:

1. The United States District Court for the Northern District of Illinois enter final default judgment in favor of Plaintiff and against Defendant.

2. The United States District Court for the Northern District of Illinois declare Defendant's Amended Mechanic's Lien (the "Lien"), consisting of three pages, assigned Document # 1004808245, recorded with the Cook County, Illinois Recorder of Deeds on February 17, 2010 at 1:48 p.m. and attached to the Complaint as Exhibit "A," and any and all other liens which said Lien may amend or otherwise supersede void ab initio, invalid and shall otherwise be stricken from the public record.

3. The United States District Court for the Northern District of Illinois authorize the Plaintiff to record a certified copy of the District Court's Final Default Judgment with the Recorder of Deeds of Cook County, Illinois, or any other recorder for a public entity.

Enter: /s/ John H. Squires

Honorable John H. Squires
United States Bankruptcy Judge

Dated: NOV 29 2011

**Prepared by:**

Jonathan T. Brand (ARDC# 6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
Telephone: (847) 249-9100
Facsimile: (847) 249-9180

Rev: 20110318_apo